Pitts *v.* Mower.

## John A. Pitts *vs.* Hiram Mower & *al.*

Where an agent sells the goods of his principal, and takes a promissory note payable to himself, the principal may interfere before payment, and forbid it to be made to his agent; and a payment to the agent after this will not be good.

And the principal may sue in his own name on the contract of sale, except when, as with us, it is extinguished by taking a negotiable promise, the law regarding the express contract made with the agent as made with the principal, and not extinguished by a note not negotiable.

When the payee of a note not negotiable, given to an agent in his own name, is notified, before payment, or judgment against him as trustee, that the principal was the owner of the property sold, and that he claimed to have the payment made to himself; if the payee disregard such notice, the rights of the principal are not impaired by such payment or judgment.

The disclosure of a trustee and the judgment upon it are to be received in evidence only between those, who were parties to the suit.

Exceptions from the Middle District Court, Redington J. presiding.

Assumpsit. The first count in the writ was on an account annexed, charging a "horse power," and the second and third set forth in different modes the facts on which the plaintiff relied to maintain his action. The evidence at the trial is given in the exceptions, from which it appeared that *Hiram A. Pitts* was the agent of the plaintiff in selling articles called horse powers, and sold one to the defendants, taking their note therefor, running to himself, payable in specific articles, but stating to them at the time, that it belonged to the plaintiff. A copy of the judgment, and disclosures

of the defendants as trustees of *Hiram A. Pitts* were read in evidence by the defendants, the plaintiffs objecting thereto. The material facts in the case appear in the opinion of the Court.

Upon the evidence the Judge instructed the jury, that they would first determine whether *Hiram A. Pitts* was the authorized agent of the plaintiff for selling horse powers, and if they should find he was such agent, whether he had authority to take a note running to himself for a horse power ; and if he was such agent and had such authority, whether he designedly accepted the note in payment for the horse power sued for in this action ; and that if they should find an affirmative answer to the inquiries, the plaintiff was not entitled to recover.

The plaintiff requested the Judge to instruct the jury, that if they found, that the defendants, or either of them, promised *Hiram A. Pitts*, as the agent of the plaintiff, to pay the note to the plaintiff, in the same manner as if written running to the plaintiff, then this action could be maintained. The Judge declined to give the requested instruction, there being, as the exceptions state, no evidence, in the opinion of the Court, that if one of the defendants made such promise, the other had authorized him so to do. The plaintiff excepted to the ruling and instructions given, and to the refusal to give the instruction requested.

*Wells* and *May*, for the plaintiff, contended, that the answers of the defendants, as trustees of *Hiram A. Pitts*, were improperly admitted. *Wise* v. *Hilton*, 4 *Greenl.* 435 ; *Edmond* v. *Caldwell*, 15 *Maine R.* 340.

A promise to pay the note to the plaintiff made by the defendants or either of them would sustain the action, and therefore the instructions requested should have been given. *Crocker* v. *Whitney*, 10 *Mass. R.* 316 ; *Coolidge* v. *Ruggles*, 15 *Mass. R.* 387 ; *Boardman* v. *Gore*, *ib.* 331 ; *Smith* v. *Jones*, 3 *Fairf.* 332 ; *Lang* v. *Fiske*, 2 *Fairf.* 385 ; *Munroe* v. *Conner*, 15 *Maine R.* 178.

The instructions given were manifestly erroneous. *Kelly* v. *Munson*, 7 *Mass. R.* 319 ; *Titcomb* v. *Seaver*, 4 *Greenl.* 542 ; *Edmond* v. *Caldwell*, 15 *Maine R.* 340 ; *West Boylston Man'g Co.* v. *Searle*, 15 *Pick.* 225.

*H. A. Smith* argued for the defendants.

The plaintiff cannot recover upon an implied promise, because

the law will never imply a promise, where an express one has been made. *Whiting* v. *Sullivan,* 7 *Mass. R.* 107.

Joint owners of a particular piece of property are not bound like general partners, by the acts of each other. Even if the benefit of this note enured to the plaintiff, the legal interest remains in the payee, in whose name only can payment be enforced in law. *W. B. Man. Co.* v. *Searle,* 15 *Pick.* 230.

This note, being payable on time and in specific articles, did amount to payment. A judgment in this action would be no bar to an action on the note by the payee. *Wise* v. *Hilton,* 4 *Greenl.* 435.

The plaintiff can have his remedy against his agent, but the defendants are without remedy. 3 *Mass. R.* 403.

The agent was authorized to take payment, and it is immaterial whether it was in a note to himself or in cash. The same rule of law is necessary to protect the rights of purchasers in one case as in the other. 4 *Greenl.* 340; 5 *Mass. R.* 53; 15 *Pick.* 184.

There was sufficient evidence to support the verdict without the judgment and disclosures of the trustees, and the verdict will not be set aside for the admission of immaterial evidence. 1 *Greenl.* 17. But the judgment against the defendants as trustees of the payee of the note is equivalent to a payment to him, and therefore admissible. 6 *Greenl.* 226.

The opinion of the Court was by

SHEPLEY J. — It has been decided, that the disclosure of a trustee and the judgment upon it are to be received in evidence only between those, who are parties to the suit. *Wise* v. *Hilton,* 4 *Greenl.* 435.

In this case the plaintiff was not a party to the suit in which the disclosure was made, and he is not bound by that judgment.

When an agent sells the goods of his principal and takes a promissory note payable to himself, the principal may interpose before payment, and forbid it to be made to his agent; and a payment to the agent after this will not be good. And the principal may sue in his own name on the contract of sale, except when, as with us, it is extinguished by taking a negotiable promise. It is

said in argument for the defendants, that the law will not imply a promise where there is an express one ; and that there being an express one in the note to *Hiram A. Pitts* one cannot be implied to the plaintiff. The law regards the express contract made with the agent in the purchase as made with the principal and as remaining unextinguished by the note not negotiable. These rights of the principal are well established, and were recognized in the cases of *Titcomb* v. *Seaver,* 4 *Greenl.* 542, and *Edmond* v. *Caldwell,* 15 *Maine R.* 340. In this case the defendants were notified before payment or judgment against them as trustees, that the plaintiff was the owner of the property sold, and that he claimed to have the payment made to himself. If they thought proper to disregard that notice, the rights of the plaintiff cannot thereby be impaired.

*Exceptions sustained and new trial granted.*